IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Case No. 10-03696 | ) | CIVIL NO. 12-00191 LEK-KSC |
| (Chapter 11) | ) | |
| | ) | |
| In re ROBERT NORTON MORAN, | ) | |
| | ) | |
|         Debtor. | ) | |
| _____ | ) | |
| JAMES N. DUCA, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| GRATITUDE GROUP, a Hawaii | ) | |
| limited partnership, et al., | ) | |
| | ) | |
|         Defendants. | ) | |
| _____ | ) | |


**ORDER ACCEPTING THE BANKRUPTCY COURT'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW AND
RECOMMENDED JUDGMENT GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND FOR DECREE OF FORECLOSURE**

On March 9, 2012, the bankruptcy court filed its

Proposed Findings of Fact and Conclusions of Law and Recommended

Judgment Granting Plaintiff's Motion for Summary Judgment and for

Decree of Foreclosure ("F&R").  Defendants Gratitude Group, a

Hawai`i limited partnership ("Gratitude"), and Bob & Elice

Company, LLC, a Hawai`i limited liability company ("BEC", all

collectively "Defendants"), filed their objections to the F&R

("Objections") on March 23, 2012.  Plaintiff James N. Duca

("Plaintiff") filed his response to Defendants' Objections

("Response") on April 4, 2012.  On April 11, 2012, the bankruptcy

court transmitted these documents to this district court with a report and recommendation ("Report"), recommending that this Court accept the F&R.[1]  On June 29, 2012, pursuant to this Court's order, Defendants filed a declaration of counsel with copies of relevant documents from the Adversary Proceeding.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  Further, the Court finds that it is not necessary to receive additional evidence beyond what the parties presented in the Adversary Proceeding.  <u>See</u> Fed. R. Bankr. P. 9033(d).  After careful consideration of the F&R, the parties' submissions, and the relevant legal authority, the Court HEREBY ACCEPTS the bankruptcy court's F&R for the reasons set forth below.

<b><u>BACKGROUND</u></b>

Plaintiff filed his Motion for Summary Judgment ("Motion"), with a supporting concise statement of material facts ("Plaintiff's CSOF"), in the Adversary Proceeding on November 22,

---

[1] The transmittal also included the cover page of the transcript for the bankruptcy court's hearing on Plaintiff's Motion for Summary Judgment and the docket sheet for the underlying adversary proceeding before the bankruptcy court ("the Adversary Proceeding").

2011.[2]  Defendants filed their Memorandum in Opposition, with

their supporting concise statement of material facts

("Defendants' CSOF"), on January 13, 2012.[3]  Plaintiff filed his

Reply, with a declaration by Robert Norton Moran ("Moran

Declaration"), on January 20, 2012.[4]  The bankruptcy court held a

hearing on the Motion on January 27, 2012.[5]  The bankruptcy court

entered the F&R pursuant to its "related to" jurisdiction because

the Adversary Proceeding is a non-core matter, and Defendants did

not consent to entry of final judgment by the bankruptcy court.

[F&R at 9 (citing 28 U.S.C. § 1334(b); 28 U.S.C. § 157).]

The parties do not contest the following relevant facts

set forth in the bankruptcy court's F&R:

> 1.   Plaintiff . . . is a natural person and
> a resident of the City and County of Honolulu,
> State of Hawaii.

> 2.   Defendant Gratitude Group ("Defendant
> Gratitude") is a Hawaii limited partnership.

---

[2] The Motion is Appendix 1 to the Declaration of Jerrold K. Guben ("Guben Declaration"), [filed 6/29/12 (dkt. no. 4),] and Plaintiff's CSOF is Appendix 2 to the Guben Declaration. Plaintiff's errata to Plaintiff's CSOF, filed in the Adversary Proceeding on December 12, 2011, is Appendix 3 to the Guben Declaration.

[3] The Memorandum in Opposition and Defendants' CSOF are Appendix 4 and Appendix 5, respectively, to the Guben Declaration.

[4] The Reply and the Moran Declaration are Appendix 6 and Appendix 7, respectively, to the Guben Declaration.

[5] The hearing transcript is Appendix 8 to the Guben Declaration.

3. Defendant Bob & Elice Company, LLC ("Defendant BEC") is a Hawaii limited liability company that is the general partner of Defendant Gratitude.

4. Robert Norton Moran ("Debtor") is a Debtor in a Chapter 11 case pending before the United States Bankruptcy Court for the District of Hawaii, namely, Case No. 10-03696.

5. In 2007, Defendant Gratitude, Judith Moran and Debtor Moran executed and delivered to Plaintiff a Promissory Note dated August 15 ("Note") to evidence a joint and several indebtedness of $400,000.00 loaned by Plaintiff. The money was deposited into a Hawaii escrow in order to finance the acquisition by Defendant Gratitude and Debtor of the Pine Meadows Apartments in Abilene, Texas, and was to be repaid in Honolulu, Hawaii.

6. As a part of the same transaction, Defendant Gratitude signed a Term Loan Agreement ("Term Loan Agreement"), Assignment of Rights to Payments and Distributions ("Assignment of Payments") and a Security Agreement ("Security Agreement"), by which Defendant Gratitude granted a security interest in the collateral named therein to secure the repayment of the indebtedness.

7. Plaintiff filed a financing statement with the Bureau of Conveyances of the State of Hawaii to perfect his security interest in the collateral furnished to Plaintiff on the Note by Defendant Gratitude. That financing statement was recorded as Document No. 2007-140381 ("Financing Statement").

8. Defendant BEC is the general partner of Defendant Gratitude.

. . . .

10. Defendant Gratitude is the owner of Gratitude Group of Texas, LLC ("Gratitude Texas"), which is in turn the co-owner or joint venturer with Debtor in the Abilene apartment complexes

known as the Fairmont and Pine Meadows apartments. The pleadings on file with this court reflect that the relationship between Debtor and Gratitude Texas has been contentious and litigious. If Defendant Gratitude's interest in Gratitude Texas is foreclosed upon and acquired by Plaintiff or a third party by way of a foreclosure sale, this can alter Debtor's ability to develop a consensual reorganization plan.

11. Defendant Gratitude or Gratitude Texas and the Debtor have asserted claims against each other. If Defendant Gratitude pays the Debtor's obligation to Plaintiff, Debtor will no longer owe it. If Debtor's claims against Defendant Gratitude or Gratitude Texas have merit and provide rights of set off, Debtor may no longer owe this indebtedness to anyone.

12. The Debtor's rights and obligations will be affected by a determination in Debtor's pending adversary proceeding whether the Debtor is a joint venture partner with Defendant Gratitude or Defendant Gratitude's affiliated entities. It is possible that this issue may also be determined in this action.

13. On June 13, 2008 Plaintiff received and applied approximately $240,000 of funds received from Debtor to the balance due on the Note. The effect of that payment was to reduce the principal balance owing on the Note to $200,000[.]

14. Debtor made monthly payments of $2,000 on the Note from July 13, 2008 to and including November 13, 2010.

15. No payments on the Note have been made by anyone since December 13, 2010.

16. Defendants Gratitude and BEC have failed, neglected and refused to pay the amounts due to Plaintiff. Defendant Gratitude and BEC owe the remaining balance of the Note, which includes $200,000 in principal, interest, attorneys' fees and costs.

17.  The repayment of the Note is secured by collateral more particularly described in the Term Loan Agreement, Assignment of Payments, Security Agreement, and Financing Statement.

.  .  .  .

19.  Pursuant to the Security Agreement, the collateral therein is defined as: ""Collateral." The Collateral shall consist of all right, title and interest of Debtor now owned or hereafter acquired with respect to (a) the limited liability company members' equity interest in Gratitude Group of Texas, LLC, a Texas limited liability company, and (b) all money or property due or becoming due to Debtor [Defendant Gratitude] or transferred to Debtor [Defendant Gratitude] from that limited liability company, whether by way of debt, repayment of debt, equity, return of capital, profits, dividends, cash flow or otherwise, and (c) any proceeds thereof." (collectively referred to as "Collateral").

20.  In addition, by virtue of Defendant Gratitude's default, the Plaintiff is entitled to payment and distributions otherwise due or becoming due to Defendant Gratitude by virtue of the Assignment of Payments.

21.  Plaintiff's lien on the Collateral is a perfected security interest and Plaintiff's assignment under the Assignment of Payments is also a perfected security interest.

22.  The amount due on the Note, as of November 13, 2011 is $237,750.00, plus per diem interest of $98.6301169863 for every day thereafter, plus attorney's fees and costs and such other and further amounts and charges as may be proper and allowed, until the closing of the sale herein authorized.  All such amounts are secured by a perfected security interest on the Collateral.

[Id. at 2-8.]

The bankruptcy court's contested findings of fact are as follows:

18. Since December 13, 2010, the Note, the Term Loan Agreement, Assignment of Payments, Security Agreement, and Financing Statement have been in default for nonpayment **and Plaintiff is entitled to enforce its rights under Article 9 of Chapter 490, Hawaii Revised Statutes**.

. . . .

23. By reason of the default by Defendants Gratitude and BEC to pay the indebtedness which they owe to Plaintiff, payment of which is secured by Plaintiff's perfected security interest on the Collateral described in the Security Agreement, **Plaintiff is entitled to enforce his rights under the terms of the Term Loan Agreement, Assignment of Payments, Security Agreement and Financing Statement and to foreclose on his security interest, to receive all assigned payments and to obtain a deficiency judgment, if appropriate, against the Defendants**.

24. Debtor and Judith Moran are not indispensable parties, even though they are jointly and severally liable for the indebtedness. The terms of the Note specifically authorize the Plaintiff to sue Defendant Gratitude separately from the other makers.

25. Whether or not the loan resulted in a direct or indirect benefit to Defendant Gratitude, the loan involved a benefit to the Debtor and a detriment to the Plaintiff.

[Id. at 6, 8-9 (emphases added).[6]]

_____

[6] Defendants object to Proposed Findings of Fact 24 and 25 in their entirety. [Objections at 6, 10.] Defendants object to the portions of Proposed Findings of Fact 18 and 23 in bold. [Objections at 3-4.]

The bankruptcy court concluded that Gratitude and BEC, as Gratitude's general partner, are liable to Plaintiff under the Note, Term Loan Agreement, Assignment of Payments, Security Agreement, and Financing Statement (collectively "the Loan Documents"). The remainder of the bankruptcy court's Proposed Conclusions of Law are similar to Proposed Findings of Fact 18, and 20 through 25. [Id. at 9-11.] In particular, based on its finding that the Loan Documents involved a benefit to Debtor and a detriment to Plaintiff, the bankruptcy court concluded that the documents were supported by adequate consideration. [Id. at 11 (citing In re: Hokulani Square, Inc., 413 B.R. 706, 713 (Bkrtcy. D. Hawaii 2009)).] The bankruptcy court therefore recommended that this Court grant Plaintiff's Motion and issue a decree of forfeiture.

## I.  **Defendants' Objections**

Defendants first object to the previously identified portions of Proposed Findings of Fact 18 and 23, and to similar language in Proposed Conclusion of Law D,[7] insofar as they state

---

[7] Defendants object to the following portion of Proposed Conclusion of Law D:

> and Plaintiff is entitled to the remedies of a secured party under Article 9 of Chapter 490, Hawaii Revised Statutes, including, but not limited to the enforcement of its rights described in the Term Loan Agreement, Assignment of Payments, Financing Statement and Security Agreement by way of foreclosure or otherwise.
> (continued...)

that Plaintiff is entitled to both an Interlocutory Decree of
Foreclosure ("IDF") and the appointment of a foreclosure
commissioner. [Objections at 3-4.] Defendants contend that,
under Hawai`i law, the order of an IDF and the appointment of a
foreclosure commissioner constitute a final judgment that a
bankruptcy court is not authorized to enter. According to
Defendants, after a federal district court adopts the appropriate
proposed findings and conclusions by the bankruptcy court, the
prevailing party must apply to the district court for the entry
of an IDF and the appointment of a foreclosure commissioner.

Defendants also object to Proposed Finding of Fact 24
and Proposed Conclusion of Law H, in their entirety. [Id. at 6.]
Proposed Finding of Fact 24 and Proposed Conclusion of Law H
state that Debtor and Judith Moran are not indispensable parties.
Defendants argue that the bankruptcy court should have required
Plaintiff to name Debtor as an indispensable party under Fed.
Bankr. R. 7019.

Defendants that Plaintiff filed a proof of claim on
May 17, 2011, Claim No. 28, seeking $202,400.00 as the alleged
outstanding balance of the $400,000.00 loan to Debtor. [Id.] In
addition, according to Defendants, "Debtor has scheduled
Plaintiff's unsecured undisputed claim in the amount of

---

[7](...continued)
[Objections at 4.]

$300,000.00." [Id. at 7.] Defendants emphasize that the amount
Plaintiff seeks in the Adversary Proceeding is different from
both the amount in Claim No. 28 and the amount on Debtor's
Amended Schedule F. Defendants argue that, to reconcile the
inconsistent amounts, Plaintiff must name Debtor as a party in
the Adversary Proceeding. [Id. at 7-8.] Defendants argue that,
outside of a bankruptcy context, a plaintiff may be able to sue
some, but not all, joint and several obligors. Defendants,
however, assert that such case law is inapplicable because
bankruptcy law has unique rules addressing contribution and
reimbursement claims. [Id. at 8-9 (quoting 11 U.S.C. §§ 502(e),
509(a)).] Defendants contend that, under these rules and
procedures, all of Gratitude's joint and several obligors are
indispensable parties in the Adversary Proceeding.

Finally, Defendants deny that Gratitude is not liable
under the Promissory Note because it received no consideration
from Plaintiff's loans to Debtor. Thus, Defendants object to
Proposed Finding of Fact 25 and Proposed Conclusion of Law I, in
their entirety. [Id. at 10.] Defendants emphasize that the
purpose of the $400,000.00 loan was to complete the purchase of
Pine Meadows, and Debtor is the sole fee simple owner of Pine
Meadows. Defendants therefore assert that they received neither
direct consideration nor indirect consideration from the loan.
Defendants argue that the bankruptcy court's reliance on Hokulani

10

Square is misplaced. Defendants acknowledge that <u>Hokulani Square</u> "could support a finding of consideration where a party sustained a 'detriment' in lieu of consideration," but Defendants argue that <u>Hokulani Square</u> does not apply to the instant case because Debtor is not a party to the Adversary Proceeding. [<u>Id.</u> at 11-12.] Defendants assert that the detriment which Plaintiff sustained from the loan is insufficient to support the action against Defendants. Defendants therefore contend that the action against them should be dismissed for lack of consideration.

In light of these objections, Defendants ask this Court to strike: the contested portions of Proposed Findings of Fact 18 and 23; the contested portion of Proposed Conclusion of Law D; Proposed Findings of Fact 24, and 25, in their entirety; and Proposed Conclusions of Law H and I, in their entirety.

## II.  <u>Plaintiff's Response</u>

Plaintiff first argues that the bankruptcy court's F&R did not constitute a final judgment ordering an IDF and appointing a foreclosure commissioner; the F&R merely recommends that a federal district court order an IDF and appoint a foreclosure commissioner. Plaintiff therefore urges the Court to deny Defendants' first objection.

As to Defendants' objection regarding compulsory joinder, Plaintiff argues that Defendants seem to concede that, "under the interpretation of Rule 19 of the Federal Rules of

Civil Procedure, and under Hawaii state law and other non-bankruptcy cases involving the enforcement of promissory notes, . . . the joinder of the Debtor or his spouse as defendants in the action would not have been required." [Response at 3.] Further, Defendants cited no legal authority for their proposition that courts must interpret Fed. Bankr. R. 7019, which is virtually identical to Fed. R. Civ. P. 19, in a different manner than Rule 19. Defendants' failure to implead Debtor and his wife, Judith Moran ("the Morans"), also indicates that Defendants believed joinder was unnecessary. Moreover, Plaintiff emphasizes that Defendants did not challenge the bankruptcy court's Proposed Finding of Fact stating that the Note itself states that it does not require the joinder of all makers in one action. Plaintiff argues that Paragraph 10 of the Note constitutes a waiver of any compulsory joinder requirement for all makers.

As to Defendants' third objection, Plaintiff argues that, in the Adversary Proceeding, it presented evidence that the loan benefitted Defendants "through synergies with a real estate investment that they owned (with the Debtor) before the loan was made." [Id. at 4.] The bankruptcy court, however, did not address Plaintiff's position. Plaintiff also argues that the bankruptcy court properly relied on Hokulani Square, which is very similar to the instant case. Plaintiff asserts that nothing

in <u>Hokulani Square</u>, or the state court cases upon which it
relies, suggests that a debtor's party-status in an adversary
bankruptcy proceeding is relevant to the issue whether there is
adequate consideration.  Plaintiff emphasizes that courts
determine whether there was adequate consideration based on the
circumstances that existed at the contract formulation, not the
circumstances that exist when a party sues to enforce the
contract.

## STANDARD

A district court considering a bankruptcy court's
proposed findings and conclusions must "review[] de novo those
matters to which any party has timely and specifically objected."
28 U.S.C. § 157(c)(1).  "The district judge may accept, reject,
or modify the proposed findings of fact or conclusions of law,
receive further evidence, or recommit the matter to the
bankruptcy judge with instructions."  Fed. R. Bankr. P. 9033(d).

## DISCUSSION

## I.   IDF and Appointment of a Foreclosure Commissioner

Defendants first object to the F&R because they contend
that the F&R constituted a judgment that Plaintiff is entitled to
an IDF and to the appointment of a foreclosure commissioner.
Defendants contend that the bankruptcy court lacked jurisdiction
to enter such a judgment.

Defendants are correct that a bankruptcy judge only has jurisdiction to enter a final order and judgment in a non-core proceeding if all parties consent and the district court refers the proceeding to the bankruptcy judge. § 157(c). Absent consent and referral, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court, and the district court must enter the final order or judgment. § 157(c)(1). That is exactly what happened in the instant case. The bankruptcy court did not enter a final order granting an IDF and appointing a foreclosure commissioner. The bankruptcy court merely recommended, based on its proposed Findings of Fact and proposed Conclusions of Law, that the district court enter an order granting an IDF and that the district court appoint a foreclosure commissioner. This Court therefore DENIES Defendants' first objection.

## II.  **Joinder of Parties**

Defendants' second objection is that Debtor is an indispensable party. Fed. R. Bankr. P. 7019 governs the joinder of parties necessary for the just determination of adversary proceedings. It states:

> Rule 19 F. R. Civ. P. applies in adversary
> proceedings, except that (1) if an entity joined
> as a party raises the defense that the court lacks
> jurisdiction over the subject matter and the
> defense is sustained, the court shall dismiss such
> entity from the adversary proceeding and (2) if an
> entity joined as a party properly and timely
> raises the defense of improper venue, the court

shall determine, as provided in 28 U.S.C. § 1412, whether that part of the proceeding involving the joined party shall be transferred to another district, or whether the entire adversary proceeding shall be transferred to another district.

Neither of the exceptions set forth in Rule 7019 applies in the instant case. Thus, by the express terms of Rule 7019, Fed. R. Civ. P. 19 applies to the Adversary Proceeding.

Rule 19 states, in pertinent part:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

The Note identifies the following persons and entities as the borrowers under the Note: "Gratitude Group, a Hawaii limited partnership, by Bob & Elice Company, LLC, its general partner[;]" Debtor; and Judith Moran. [Pltf.'s CSOF, Decl. of James N. Duca in Supp. of Pltf.'s Motion for Summary Judgment as to All Counts ("Duca Decl."), Exh. A at 5.] There is no dispute that: the Morans are subject to service of process; the bankruptcy court would still have jurisdiction over the Adversary Proceeding if the Morans were joined as defendants; and the Morans have an interest in the loan at issue in the Adversary Proceeding. Defendants' position is that the Morans are indispensable parties because the failure to join the Morans would impair or impede the Morans' ability to protect their interest and expose Defendants to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations[.]"[8]

Regardless of the Adversary Proceeding's final determination of Defendants' liability under the Loan Documents, neither Defendants nor the Morans can be held liable for an amount greater than the amount each of them expressly agreed to assume.

---

[8] Although Defendants appear only argue that Debtor is an indispensable party, see, e.g., Objections at 9, this Court concludes that the analysis of the issue whether Judith Moran is an indispensable party is the same as the analysis of the issue whether Debtor is an indispensable party.

16

Paragraph 10 of the Note states:

> If more than one person signs this Note, each
> of us is fully and personally obligated to pay the
> full amount owed and to keep all of the promises
> made in this Note.  Any guarantor, surety, or
> endorser of this Note is also obligated to do
> these things.  **The Note Holder may enforce its
> rights under this Note against each of us
> individually or against all of us together.  This
> means that any one of us may be required to pay
> all of the amounts owed under this Note.**  Any
> person who takes over my rights or obligations
> under this Note or the rights or obligations of a
> guarantor or surety of this Note, must keep all of
> the promises made in this Note.  All obligations
> of any person signing this Note under any of the
> loan documents or agreements relating to this loan
> are also joint ant several.

[Id. at 3-4 (emphasis added).]

Defendants and the Morans agreed that any one of the
borrowers could be liable for the entire amount of the loan.
Thus, a finding in the Adversary Proceeding that Defendants are
liable for the full amount of the outstanding loan would be
consistent with their agreement.  Similarly, a finding in the
Adversary Proceeding that Defendants had no liability for the
outstanding amount, which may mean that either Debtor or
Judith Moran is liable for the entire outstanding amount, would
still be consistent with their agreement.  This Court therefore
FINDS that the failure to join the Morans as parties would
neither impair or impede the Morans' ability to protect their
interest nor subject Defendants "to a substantial risk of
incurring double, multiple, or otherwise inconsistent

obligations[.]" <u>See</u> Fed. R. Bankr. P. 7019; Fed. R. Civ. P.
19(a)(1)(B).

The Court ACCEPTS the bankruptcy court's proposed
Finding of Fact and proposed Conclusion of Law stating that
Debtor and Judith Moran are not indispensable parties, and the
Court DENIES Defendants' second objection.

## III. **Consideration**

Defendants' final objection is that the Court cannot
hold Gratitude liable on the Note because the Note lacked
consideration as to Defendants.  The F&R includes the proposed
Conclusion of Law that there is adequate consideration to support
the Loan Documents, "whether or not the loan resulted in a direct
or indirect benefit to Defendant Gratitude, because those
documents involved a benefit to the Debtor and a detriment to the
Plaintiff."  [F&R at 11 (citing <u>In re: Hokulani Square, Inc.</u>, 413
B.R. 706, 713 (Bkrtcy. D. Hawaii 2009)).]  Defendants argue that
<u>Hokulani Square</u> is inapplicable because, unlike the instant case,
the debtor itself was a party in the adversary proceeding.

In <u>Hokulani Square</u>, the court described the following
principles of consideration under Hawai`i contract law:

> "Consideration is defined as a bargained for
> exchange whereby the promisor receives some
> benefit or the promisee suffers a detriment."
> <u>Shanghai Inv. Co. v. Alteka Co.</u>, 92 Hawai`i 482,
> 496, 993 P.2d 516, 530 (2000) . . . , *overruled on*
> *other grounds*, <u>Blair v. Ing</u>, 96 Hawai`i 327, 31
> P.3d 184 (2001).  If the promisee incurs a
> detriment, it does not matter that the promisor

18

> receives no benefit. <u>Trousseau v. Cartwright</u>, 10
> Haw. 138, 142 (1895). Similarly, consideration is
> sufficient even if it flows to a third party. The
> court does not need to consider what induced the
> promisor to make the promise for the third party.
> <u>Metropolitan Casualty Ins. Co. v. Realty Dev. Co.</u>,
> 32 Haw. 667, 675-77 (1933).

413 B.R. at 713 (emphasis omitted). Although in <u>Hokulani Square</u>

the debtor was a party to the adversary proceeding, nothing in

<u>Hokulani Square</u> indicates that these principles of Hawai`i

contract law would be inapplicable if the debtor had not been a

party to the adversary proceeding. Similar to the instant case,

the promisors, Walter and Sylvia Chang, secured a benefit for

another entity, Hokulani Square, Inc. The benefit was a large

loan from the promisee, Investors Funding Corporation, which

suffered the detriment of lending the sums. <u>Id.</u> at 709, 713.

The Court therefore ACCEPTS the bankruptcy court's

proposed Finding of Fact and proposed Conclusion of Law regarding

the consideration issue, and the Court DENIES Defendants' third

objection.

## IV. <u>Plaintiff's Motion</u>

Insofar as this Court has denied Defendants'

Objections, the Court ACCEPTS the F&R and GRANTS Plaintiff's

Motion. The Court ORDERS the parties to meet and confer

regarding the selection of a foreclosure commissioner. If the

parties agree upon a proposed foreclosure commissioner, the

parties shall submit a joint letter brief to this Court

identifying their selection, with the proposed commissioner's contact information. If the parties cannot agree upon a foreclosure commissioner, each party shall submit a letter brief to this Court identifying the party's recommendation for the foreclosure commissioner, with the proposed commissioner's contact information and a brief statement of the reasons supporting the party's recommendation. The parties shall submit their letter briefs by **August 15, 2012**, and the letter briefs shall not exceed five pages. Once the parties have submitted either their joint letter brief or their individual letter briefs, the Court will issue the bankruptcy court's proposed Order Granting Plaintiff's Motion for Summary Judgment Against Defendants and for Decree of Foreclosure, with either the parties' agreed upon proposed foreclosure commissioner or the Court's selection from the parties' respective recommendations.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY ACCEPTS the bankruptcy court's Proposed Findings of Fact and Conclusions of Law and Recommended Judgment Granting Plaintiff's Motion for Summary Judgment and for Decree of Foreclosure, filed in the bankruptcy court on March 9, 2012 and transmitted to this district court on April 11, 2012.

The Court GRANTS Plaintiff's Motion for Summary Judgment, filed in the Adversary Proceeding on November 22, 2011,

and ORDERS the parties to meet and confer regarding their recommendation for a foreclosure commissioner. If the parties agree upon a recommended foreclosure commissioner, the parties shall submit a joint letter brief to this Court identifying their selection. If the parties cannot agree, each party shall submit a letter brief to this Court identifying the party's recommendation for the foreclosure commissioner. The parties shall submit their letter briefs by **August 15, 2012**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2012.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States District Judge

**JAMES N. DUCA V. GRATITUDE GROUP, ET AL; CIVIL NO. 12-00191 LEK-KSC; ORDER ACCEPTING THE BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND RECOMMEND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DECREE OF FORECLOSURE**