IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Case No. 10-03696<br>(Chapter 11)<br><br>In re ROBERT NORTON MORAN,<br><br>        Debtor.<br>_____<br>JAMES N. DUCA,<br><br>        Plaintiff,<br><br>   vs.<br><br>GRATITUDE GROUP, a Hawaii<br>limited partnership, et al.,<br><br>        Defendants.<br>_____ | CIVIL NO. 12-00191 LEK-KSC |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANTS AND FOR DECREE OF FORECLOSURE**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Plaintiff James N. Duca's ("Plaintiff") Motion for Summary Judgment filed on November 22, 2012 is granted.

2.    Defendants Gratitude Group, a Hawai`i limited partnership, and Bob & Elice Company, LLC, a Hawai`i limited liability company (collectively "Defendants") are in default under the Note, Term Loan Agreement, Assignment of Payments, Security Agreement and Financing Statement, referenced in this Court's Order Accepting the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law and Recommend Judgment Granting Plaintiff's Motion for Summary Judgment and for Decree of

Foreclosure, filed July 31, 2012 ("July 31, 2012 Order") [dkt. no. 31]. There is due and owing and unpaid to Plaintiff from Defendants the sum, as of November 13, 2011, of $237,750.00, plus per diem interest of $98.6301169863, attorney's fees and costs and such other and further amounts and charges as may be proper and allowed, until the closing of the sale herein authorized (attorney's fees and costs and other charges to be submitted at a later time per the direction of the court or at subsequent hearing) and which sums shall be a valid lien on the Collateral referenced in the July 31, 2012 Order.

3.    The security interest currently held by Plaintiff shall be and is hereby foreclosed upon, and the Property shall be sold at public auction, without an upset price, as authorized by law and under the provisions of Article 9 of Chapter 490, of the Hawaii Revised Statutes. Such sale shall not be final until approved and confirmed by the Court.

4.    The Commissioner as appointed herein by the Court shall hold all proceeds of sale of the Collateral and all payments received under the Assignment of Payments to the credit of this cause subject to the directions of this Court. Upon payment according to such directions, the Commissioner shall file an accurate accounting of his receipts and expenses.

5.    **Yuriko J. Sugimura, Esq.**, whose address is 1001 Bishop Street, Suite 710, Honolulu, Hawai`i 96818, and telephone

2

number is (808)524-0544, is hereby appointed as Commissioner by this Court and such Commissioner shall henceforth hold all equitable and legal title to the Collateral, and is hereby authorized and directed to take possession of the Collateral, and to sell the Property on foreclosure sale to the highest bidder at public commissioner's sale by auction, without an upset price, after notice of such sale first being given by said Commissioner by publication in the classified section of a daily newspaper of general circulation printed and published in the county in which the Subject Property lies, as may be directed by the Court from time to time.  Said notice shall be published once in each week for three (3) consecutive weeks, with the sale to take place no sooner than fourteen (14) days after the third date of publication.  Said notice shall give the date, time and place of sale and an intelligible description of the Collateral, and shall disclose all of the terms of sale herein mentioned.  The Commissioner shall have further authority to continue said sale from time to time in his discretion.  No bond shall be required of the Commissioner.  The Commissioner shall be awarded a reasonable fee as Commissioner to be subsequently determined by the Court.  In the event the Commissioner refuses, or becomes unable to act as Commissioner, the Court shall appoint another without further notice of hearing.

        6.   The Commissioner's fees and costs shall be deemed

to be secured by the Plaintiff's security interest on the Collateral.

7.   The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein.

8.   A further hearing shall be held herein to consider confirmation of the foreclosure sale.

9.   Defendants and all persons claiming by, through or under them are hereby perpetually barred of and from any and all right, title and interest in the Collateral or any part thereof. At said hearing to consider confirmation of the foreclosure sale, the Court shall hear proof of claim of any other party, and shall determine the priority among the claims of the other parties besides Plaintiff, as appropriate, and there shall be determined the amount of the fee of the Commissioner appointed herein and the amount of the attorney's fees.

10.  Plaintiff and all other parties are hereby authorized to purchase at said foreclosure sale.  The successful bidder(s) at said foreclosure sale is to make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful bid price, such payment to be in cash or by way of certified or cashier's check, provided that Plaintiff may satisfy the down payment by way of offset up to the amount of Plaintiff's secured debts.  At the Court's discretion, the ten percent (10%) down payment may be forfeited in full or in part if

4

the purchaser(s) shall fail to pay the balance of the purchase price as hereinafter set forth.  In no event, shall the purchaser(s) be liable for damages greater that the forfeiture of the ten percent (10%) down payment.  The balance of said purchase price including the down payment shall be paid to the Commissioner upon approval and confirmation of the sale, provided that after all prior liens are satisfied, Plaintiff may satisfy the balance of the purchase price by way of offset up to the amount of Plaintiff's secured debt in the event Plaintiff is the purchaser at the foreclosure sale.  Costs of conveyance, including conveyance tax, the costs of any escrow, securing possession of the Collateral and recording of such conveyance and any orders of the Court, shall be at the expense of such purchaser(s).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 23, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**JAMES M. DUCA V. GRATITUDE GROUP, ET AL; CIVIL NO. 12-00191 LEK-KSC; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS AND FOR DECREE OF FORECLOSURE**